ADVOCATES FOR FAITH & FREEDOM
Mariah R. Gondeiro (SBN 323683)
mgondeiro@faith-freedom.com
Julianne Fleischer (SBN 337006)
jfleischer@faith-freedom.com
25026 Las Brisas Road
Murrieta, California 92562
Telephone:  (951) 304-7583

Attorneys for Plaintiff **Jessica Tapia**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JESSICA TAPIA**, an individual;<br><br>Plaintiff,<br><br>v.<br><br>**JURUPA UNIFIED SCHOOL DISTRICT**; **TRENTON HANSEN**, both in his personal capacity and in his official capacity as the Jurupa Unified School District Superintendent; **DANIEL BROOKS**, both in his personal capacity and in his official capacity as Jurupa Unified School District Assistant Superintendent;<br><br>Defendants. | Case No.:  5:23-cv-00789-FMO-E<br><br><br>**PLAINTIFF'S OPPOSTION TO DEFENDANTS' MOTION TO DISMISS** |

# Table of Contents

I. INTRODUCTION ................................................................................................1

II. LEGAL STANDARD ......................................................................................2

III. STATEMENT OF FACTS ............................................................................2

IV. ARGUMENT ...................................................................................................3

   A.    The Defendants waived any right to challenge the sufficiency of the
        Plaintiff's  constitutional claims. ......................................................3

   B.    The Plaintiff's constitutional claims are not barred by qualified immunity
        because the Defendants knew that their conduct was unlawful. ....................4

   C.    The Plaintiff's constitutional claims are not barred by the Eleventh
        Amendment because she seeks prospective injunctive relief. ........................8

V. CONCLUSION ..................................................................................................9

# I. INTRODUCTION

Defendants Jurupa Unified School District, Trenton Hansen, and Daniel Brooks' (collectively, "Defendants") Motion to Dismiss ("Motion") does not address the sufficiency of Plaintiff Jessica Tapia's claims, or the elements pled by her in each of the causes of action in her First Amended Complaint ("FAC"). Defendants' Motion to Dismiss, ECF No. 25; First Amended Complaint, ECF No. 22. Instead, the Defendants attempt to justify their own discriminatory actions against the Plaintiff, frame her constitutional rights as second-class, and mischaracterize her protected actions. They fling baseless accusations that the Plaintiff refused to follow state and federal law, which is a deflection from the real issues of this lawsuit. The FAC is clear that the Plaintiff refused to follow the District-issued, District-created Directives because they violated her sincerely held religious beliefs and that the Defendants terminated the Plaintiff without just cause. The Defendants' actions violated the Plaintiff's constitutional rights. For the following reasons, the Defendants' Motion should be denied.

*First*, the FAC alleges facts sufficient to show that the Defendants violated the Plaintiff's rights under the Free Exercise Clause, Free Speech Clause, Due Process Clause, and First Amendment retaliation. The Defendants waived any right to address the sufficiency of the Plaintiff's constitutional claims by failing to include their arguments in their Motion.

*Second*, the constitutional claims against the individual Defendants are not barred by qualified immunity because both Defendant Trenton Hansen and Defendant Daniel Brooks should have known that terminating the Plaintiff for adhering to her religious beliefs violated clearly established law.

*Finally*, the constitutional claims against the District and the individual Defendants, in their official capacities, are not barred by the Eleventh Amendment because Plaintiff seeks prospective injunctive relief.

In sum, the Defendants do not proffer any legitimate arguments that should

preclude this Court from reaching the merits of this case. The Defendants are simply grasping at straws to avoid being held accountable for their numerous and obvious constitutional transgressions against the Plaintiff. Accordingly, this Court should dismiss the Defendants' Motion to Dismiss.

## II. LEGAL STANDARD

When deciding a Rule 12(b)(6) motion, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). If the complaint provides fair notice of the claim and the factual allegations are sufficient to show that the right to relief is plausible, a court should deny the defendant's motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The standard is especially liberal when applied to the constitutional claims alleged in this action, which are governed by Rule 8. Rule 8's burden is "minimal," and requires only that the plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief." *Westways World Travel v. AMR Corp.*, 182 F. Supp. 2d 952, 955 (C.D. Cal. 2001) (quotations omitted).

## III. STATEMENT OF FACTS

For the past six years, the Plaintiff has been a caring, dedicated, and hard-working teacher in the Jurupa Unified School District ("District"). FAC, ¶¶ 19, 24-25. Her students respect and adore her. *Id.*, ¶¶ 24, 42. Yet, toward the end of the 2021-2022 school year, the Plaintiff received a Notice of Unprofessional Conduct from the District, in which the District issued twelve meritless allegations against the Plaintiff. *Id.*, ¶¶ 38-41, 52. The District accused the Plaintiff of posting offensive content on her personal Instagram account, referencing her faith during conversations with students, and expressing controversial opinions on issues pertaining to gender identity. *Id.*, ¶¶ 40, 44-47.

Following these accusations, the Defendants gave the Plaintiff a set of Directives for her to follow in order to maintain employment with the District. *Id.*,

2

¶¶ 59-67. Among the Directives, the District required the Plaintiff to lie to parents about their children's gender identity, refer to students by their preferred pronouns, and refrain from expressing her religious beliefs with students or on her social media, and allow students to use the bathroom or locker room that matched their preferred sex. *Id.*, ¶¶ 59, 61-62. When the Plaintiff informed the Defendants that due to her faith, she could not comply with the Directives, the Defendants, instead of accommodating her religious beliefs, terminated the Plaintiff's employment. *Id.*, ¶¶ 68-72, 75, 77. They made no attempts to accommodate her religious beliefs. *Id.*, ¶¶ 79-84.

As a result, the Plaintiff filed the instant action against the Defendants alleging violations of the Free Exercise Clause, Free Speech Clause, Due Process Clause, First Amendment Retaliation, Title VII of the Civil Rights Act of 1964, and California's Fair Employment and Housing Act.  *Id.*, ¶¶ 105-72.

## IV. ARGUMENT

## A.    The Defendants waived any right to challenge the sufficiency of the Plaintiff's constitutional claims.

The Defendants argue that the Plaintiff's constitutional claims should be dismissed for failure to state a claim. Mot. at 11-13. However, the Defendants do not attempt to challenge the sufficiency of the Plaintiff's constitutional claims. And they cannot do so on reply because "[i]t is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers." *United States ex rel. Giles v. Sardie,* 191 F.Supp.2d 1117, 1127 (C.D. Cal. 2000); *see also State of Nev. v. Watkins,* 914 F.2d 1545, 1560 (9th Cir. 1990) ("[Parties] cannot raise a new issue for the first time in their reply briefs." (citations omitted)); *Cedano–Viera v. Ashcroft,* 324 F.3d 1062, 1066 n.5 (9th Cir. 2003) (same); *Bazuaye v. INS,* 79 F.3d 118, 120 (9th Cir. 1996) (same). Because the Defendants did not address the sufficiency of the Plaintiff's constitutional claims in their Motion and because they waived any right to challenge the sufficiency of the

1   Plaintiff's constitutional claims in their reply, the Plaintiff's constitutional claims

2   should move forward.

3   **B.     The Plaintiff's constitutional claims are not barred by qualified immunity**

4   **because the Defendants knew that their conduct was unlawful.**

5   Instead of appropriately challenging the sufficiency of the Plaintiff's first,

6   second, third, and sixth causes of actions under Rule 12(b)(6), the Defendants raise

7   flawed affirmative defense arguments. To the extent the individual Defendants argue

8   that qualified immunity shields them from liability against the Plaintiff's

9   constitutional claims, that "is an affirmative defense that must be raised by a

10  defendant." *Groten v. Cal.*, 251 F.3d 844, 851 (9th Cir. 2001). "Thus, a Rule 12(b)(6)

11  dismissal is not appropriate unless [a court] can determine, based on the complaint

12  itself, that qualified immunity applies." *Id.*; *see also Ethridge v. Doe*, No. 1:12-CV-

13  02088-AWI, 2014 WL 6473654, at *6 (E.D. Cal. Nov. 18, 2014), report and

14  recommendation adopted sub nom. *Ethridge v. Lawrence*, No. 1:12-CV-02088-

15  AWI, 2015 WL 153821 (E.D. Cal. Jan. 12, 2015) (explaining that this is "because

16  facts necessary to establish this affirmative defense generally must be shown by

17  matters outside the complaint"). Thus, the Defendants must raise qualified immunity

18  as a defense and prove it at trial, after giving the Plaintiff an opportunity to gather

19  evidence to support her claims.

20  Even if this Court addresses qualified immunity at this stage, the Defendants'

21  arguments fail. Qualified immunity is a defense available for government officials,

22  but only if their conduct does not violate clearly established rights of which a

23  reasonable person would have known. *Pearson v. Callahan*, 555 U.S. 223, 231

24  (2009). Qualified immunity can be overcome by showing that two elements are met:

25  (1) a federal right (statutory or constitutional) has been violated, and (2) that right

26  was clearly established at the time the violation occurred. *Harlow v. Fitzgerald*, 457

27  U.S. 800, 818 (1982).

28  The Defendants fail to address the merits of qualified immunity, including

4

whether or not they violated any federal right and whether or not the Defendants knew or should have known they violated established law. Thus, they waive any right to address this issue in their reply. *Watkins,* 914 F.2d at 1560.

Rather than addressing the first prong of the qualified immunity test, the Defendants deflect and claim that the Plaintiff was the one who was violating state and federal law. Mot. at 15-18. Even if it were relevant that the Plaintiff was compliant with state and federal law, the record is clear that the only objections that the Plaintiff had were to the District's Directives—which are neither state or federal law. FAC, ¶¶ 6, 68, 108, 118, 135. The Plaintiff's religious beliefs have not changed. The Plaintiff's actions have not changed. She has conducted herself in the same professional manner as when she first began working for the District. FAC, ¶¶ 24, 27-28, 30, 42.

Furthermore, rather than addressing the Plaintiff's constitutional claims, the Defendants seek to justify their improper and illegal actions against the Plaintiff. They rely on the proposition that their discriminatory treatment of the Plaintiff is permissible because what they were doing was "objectively reasonable." Mot. at 17. By forcing the Plaintiff to choose between her religious beliefs or maintaining public employment, the Defendants claim they were deterring a myriad of *nonexistent* lawsuits brought on by transgender students. Mot. at 16. In fact, they claim it was "entirely reasonable" to terminate the Plaintiff because if they did not, *unnamed, unidentified* transgender students *could* file a lawsuit against the Defendants. Mot. at 18. There is no case law that supports the proposition that the mere potential of a lawsuit by unidentified plaintiffs ever justifies a government official's disregard and discrimination of a person's sincerely held religious beliefs. The Plaintiff alleges in the FAC that the Defendants violated numerous federal rights, FAC, ¶¶ 114-15, 123-36, yet the Defendants make no attempt to analyze whether a federal right has been violated.

As to the second prong, to be clearly established law, the contours of a

5

constitutional right must be sufficiently clear so a reasonable official would understand his actions violate it. *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). "Whether the law was clearly established is an objective standard; the defendant's subjective understanding of the constitutionality of his or her conduct is irrelevant." *Clairmont v. Sound Mental Health*, 632 F.3d 1091, 1109 (9th Cir. 2011) (internal quotation marks and citation omitted). In this sense, the government official need only have "fair warning" that his conduct would deprive plaintiff of a constitutional right. *Hope v. Peizer*, 536 U.S. 730, 740 (2002) (citation omitted). Such warning was evident here and the Defendants should have heeded it. Again, the Defendants make no attempt to provide any substantive argument on this prong.

The individual Defendants knew or should have known their actions violated the Plaintiff's constitutional rights. *See Jones v. Williams*, 791 F.3d 1023, 1033 (9th Cir. 2015) ("It was well established . . . and remains so today, that government action places a substantial burden on an individual's right to free exercise of religion when it tends to coerce the individual to forego her sincerely held religious beliefs or to engage in conduct that violates those beliefs."). The Defendants gave the Plaintiff an ultimatum—she must engage in conduct that violates her religious beliefs to maintain employment with the District or face termination of her beloved teaching job for adhering to her religious beliefs. This is exactly the type of burden the First Amendment protects against.

Further, as noted in the FAC, according to the District's Annual Notification to Employees, "The Jurupa Unified School District does not discriminate on the basis of . . . religion . . . in any of its policies, procedures or practices . . . ." FAC, ¶ 90. The Annual Notification to Employees also states, "No district employee shall be discriminated against or harassed by any coworker, supervisor, manager, or other person with whom the employee comes in contact in the course of employment, on the basis of the employee's actual or perceived . . . religious creed . . . ." *Id.*, ¶ 91. Additionally, California state law prohibits religious discrimination in the



6

educational context. *See* Cal. Educ. Code §§ 200, 220; FAC, ¶ 92. The FAC alleges a number of violations in which the individual Defendants discriminated against the Plaintiff on the basis of her religious beliefs. *Id.*, ¶¶ 114-15, 123-36.  And instead of accommodating her religious beliefs, the individual Defendants terminated the Plaintiff's employment. *Id.*, ¶ 95.

What is even more alarming is that the individual Defendants' refusal to accommodate the Plaintiff's religious beliefs directly falls under a category of practices the District calls unlawful:  "Actions and practices identified as unlawful" include "[r]eligious creed discrimination based on an employee's religious belief or observance . . . or based on the district's failure or refusal to use reasonable means to accommodate an employee's religious belief, observance, or practice which conflicts with an employment requirement." *Id.*, ¶ 97. At no point in time did the Defendants negotiate with the Plaintiff in good faith to find an accommodation. *Id.*, ¶ 79. While District policy notes that "[n]o employee who requests an accommodation for any protected characteristic listed in this policy shall be subjected to any punishment or sanction, regardless of whether the request was granted," *Id.*, ¶ 98, the Plaintiff was not afforded any such protection. Instead of making any efforts to accommodate her religious beliefs, the Defendants levied meritless allegations against her, required her to comply with Directives inconsistent with her religious beliefs, and then terminated her employment without just cause. *Id.*, ¶¶ 38, 79, 95. Based upon the current legal landscape and the District policies, the Defendants knew or should have known that their actions would violate the Plaintiff's constitutional rights.

Because the Defendants have not shown they could not have reasonably known their actions were violating the Plaintiff's constitutional rights and because the Defendants waive their right to address the merits of qualified immunity on reply, the individual Defendants are not entitled to qualified immunity. As such, the individual Defendants are subject to liability for violating the Plaintiff's

1    constitutional rights.

2    **C.**    **The Plaintiff's constitutional claims are not barred by the Eleventh**

3        **Amendment because she seeks prospective injunctive relief.**

4      The Defendants argue that they are shielded from liability under the Eleventh

5 Amendment because they are state entities that possess Eleventh Amendment

6 immunity from Section 1983 claims. Mot. at 19-20. Generally, the Eleventh

7 Amendment bars a state and state government actors from being sued in federal court

8 without the state's consent. *Cardenas v. Anzai*, 311 F.3d 929, 934 (9th Cir. 2002).

9 However, under the *Ex Parte Young* exception, "private individuals may sue state

10 officials in federal court for *prospective* relief from ongoing violations of federal

11 law, as opposed to money damages, without running afoul of the doctrine of

12 sovereign immunity." *Koala v. Khosla*, 931 F.3d 887, 895 (9th Cir. 2019). The Ninth

13 Circuit has noted that "suits against the [school] district in its own name are subject

14 to the same Eleventh Amendment constraints as suits against the state." *Belanger v.*

15 *Madera Unified Sch. Dist.*, 963 F.2d 248, 254 (9th Cir. 1992); *see also Barto v.*

16 *Miyashiro*, No. 21-56223, 2022 WL 17729410, at *1 (9th Cir. Dec. 16, 2022)

17 (recognizing that school district officials can be sued in their official capacities when

18 there is an ongoing violation of federal law and where the relief sought is

19 prospective).

20      The Defendants incorrectly assert that they are immune from all liability under

21 the Plaintiff's Section 1983 claims. Mot. at 20. The Plaintiff's FAC is consistent

22 with the current legal landscape regarding qualified and sovereign immunity. She

23 specifically requests monetary damages from only the individual Defendants in their

24 individual capacity. FAC, ¶¶ 121, 139, 148, 172. She does not seek monetary

25 damages from the District or from the individual Defendants in their official

26 capacities. For the reasons discussed in section IV.B, the individual Defendants in

27 their individual capacities are not protected by qualified immunity, and thus, are

28 responsible for monetary damages if the Plaintiff is successful on her Section 1983

1  claims. Consistent with the *Ex Parte Young* exception, the Plaintiff limits her
2  declaratory and injunctive relief against the District and the individual Defendants
3  in their official capacities. FAC, ¶¶ 120, 138, 147, 172.

4      A court "need only conduct a 'straightforward inquiry into whether [the]
5  complaint alleges an ongoing violation of federal law and seeks relief properly
6  characterized as prospective.'" *Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535
7  U.S. 635, 645 (2002) (quoting *Idaho v. Coeur d'Alene Tribe of Id.*, 521 U.S. 261,
8  296 (1997)). The Plaintiff requests declaratory relief that the Defendants' Directives
9  are unconstitutional as well as temporary, preliminary, and permanent injunctive
10  relief requiring the Defendants to reinstate her employment. FAC, 23:4-14. The
11  Plaintiff's desired declaratory and injunctive relief would remedy the Defendants'
12  ongoing violations of federal law. Because the Plaintiff only seeks prospective
13  injunctive relief against the District and the individual Defendants in their official
14  capacities, the Court should not dismiss the Plaintiff's constitutional claims against
15  any of the Defendants on Eleventh Amendment immunity grounds.

## V. CONCLUSION

17      For these reasons, the Plaintiff respectfully requests that this Court deny the
18  Defendants' motion to dismiss.

Respectfully submitted,

DATED:  August 30, 2023

ADVOCATES FOR FAITH & FREEDOM

*Julianne Fleischer*

By: _____
      Julianne Fleischer, Esq.
      Attorneys for Plaintiff **Jessica Tapia**