ADVOCATES FOR FAITH & FREEDOM
Mariah R. Gondeiro (SBN 323683)
mgondeiro@faith-freedom.com
Julianne Fleischer (SBN 337006)
jfleischer@faith-freedom.com
25026 Las Brisas Road
Murrieta, California 92562
Telephone: (951) 304-7583

Attorneys for Plaintiff **Jessica Tapia**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JESSICA TAPIA**, an individual;<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>**JURUPA UNIFIED SCHOOL DISTRICT**; **TRENTON HANSEN**, both in his personal capacity and in his official capacity as the Jurupa Unified School District Superintendent; **DANIEL BROOKS**, both in his personal capacity and in his official capacity as Jurupa Unified School District Assistant Superintendent;<br><br>　　　　　Defendants. | Case No.: 5:23-cv-00789-FMO-E<br><br>**PLAINTIFF'S OBJECTION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE** |

## I.   INTRODUCTION

The Plaintiff objects to the Defendants' request for judicial notice (ECF No. 25-1) as to Exhibits 1 through 18, on the ground judicial notice is inappropriate because the submitted material is subject to reasonable debate, irrelevant to this action and the issues raised by the Plaintiff and are unnecessary for this Court's

determination of the Defendants' Motion to Dismiss.

## II. ARGUMENT

Courts should review requests for judicial notice at the motion to dismiss stage with considerable caution as parties can "exploit" such requests for judicial notice to "improperly [] defeat what would otherwise constitute adequately stated claims at the pleading stage." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). "When the legal sufficiency of a complaint's allegations is tested by a motion under Rule 12(b)(6), '[r]eview is limited to the complaint.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (quoting *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993); *see also Khoja*, 899 F.3d at 998 ("[D]istrict courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure."). A defendant's "factual challenges to a plaintiff's complaint have no bearing on the legal sufficiency of the allegations under Rule 12(b)(6)." *Lee*, 5 F.3d at 1274. Here, the Defendants improperly raise irrelevant factual challenges to the Plaintiffs' First Amended Complaint ("FAC") in a Rule 12(b)(6) Motion to Dismiss. Mot. at 15-17. The Defendants rely on a number of exhibits outside the FAC that are wholly inappropriate for this Court to judicially notice in making a determination on either the Plaintiff's claims or the Defendants' Motion to Dismiss. Mot. at 5-11. For the following reasons, the Court should deny the Defendants' request for judicial notice.

**A. The Court should deny the Defendants' request for judicial notice because it contains exhibits that are not proper matters for judicial notice.**

Under the Federal Rules of Evidence 201, a court may consider materials outside a complaint by taking judicial notice of a fact that is not "subject to reasonable dispute." Fed. R. 201; *see also United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) ("More specifically, we may not, on the basis of

evidence outside of the Complaint, take judicial notice of facts favorable to Defendants that could reasonably be disputed."). Judicial notice requires that the fact at issue be "an adjudicative fact," not a legislative fact. Fed. R. 201(a).

The Defendants attempt to introduce state statutes (Exhs. 1-10), state-issued guidelines (Exhs. 11, 14-15), an assembly bill (Exh. 12), an executive order (Exh. 13), board policies (Exh. 16-17), and a number of the Plaintiff's Instagram posts (Exh. 18). Each of these exhibits are subject to reasonable dispute, and thus fall outside the scope of judicial notice. The Defendants attempt to introduce these exhibits to support their factual argument that the Plaintiff discriminated against and harassed transgender students. Mot. at 15-16. The Plaintiff, however, has already asserted that she treats all students with respect and kindness, regardless of gender identity. FAC, ¶ 30. To allow the Defendants to introduce evidence outside the four corners of the complaint at this stage of the proceedings would necessitate that the Court take judicial notice of "facts favorable to Defendants that could reasonably be disputed." *Corinthian Colleges*, 655 F.3d at 999.

Defendants' Exhibit 18 is not capable of being judicially noticed as it contains facts subject to reasonable dispute. Exhibit 18 includes several of the Plaintiff's Instagram posts from her personal Instagram account. In *Khoja*, the Ninth Circuit noted that a phone call transcript does not qualify for judicial notice because "reasonable people could debate what exactly this conference call disclosed." 899 F.3d at 1000. Likewise, reasonable people could debate the meaning, understanding, and intentions behind the Plaintiff's social media posts. Here, the Defendants cherrypicked the Plaintiff's social media posts and used these specific posts to support their improper characterization that the Plaintiff discriminates against transgender students. Again, the Plaintiff has alleged in her Complaint that she respects all students, regardless of their gender identity. FAC, ¶ 30.

Exhibits 1 through 17 likewise fall outside the scope of judicial review. While matters of public record can be subject to judicial notice, *Lee*, 250 F.3d at 689, the

facts within the exhibits that the Defendants seek judicial notice of are subject to reasonable dispute. For example, the Defendants allege that the Plaintiff's refusal to call students by their preferred pronoun "results in a violation of California Education Code 200 and 201 because her refusal would constitute harassment under California's anti-discrimination laws, as determined by the California Department of Education." Mot. at 15. However, the California Department of Education webpage referenced by the Defendants and proffered for judicial notice is not law—it is *guidance*. The Defendants cannot attempt to use the California Education Code to persuade this Court of certain facts that are disputed by the Plaintiff. *See Reina-Rodriguez v. United States*, 655 F.3d 1182, 1193 (9th Cir. 2011) (holding that it is improper to judicially notice a matter when the substance of the matter "is subject to varying interpretations, and there is a reasonable dispute as to what the [matter] establishes").

Because each of the exhibits are subject to reasonable dispute, the Court should decline to take judicial notice of the Defendants' Exhibits 1 through 18.

**B. The Court should deny the Defendants' request for judicial notice because the exhibits are not relevant to the Plaintiff's constitutional claims.**

Even if this Court is inclined to take judicial notice of Defendants' proposed exhibits, as with evidence generally, the matter to be judicially noticed must be relevant to the issues in the case. Fed. R. Evid. 402; *see also Cuellar v. Joyce*, 596 F.3d 505, 512 (9th Cir. 2010) (denying judicial notice because materials submitted were "not relevant to the disposition of this appeal"); *Donastorg v. Riverside County Sheriff's Dep't*, No. 12-1654, 2014 U.S. Dist. LEXIS 91169, *6-7 (C.D. Cal. May 7, 2014) (denying judicial notice where evidence irrelevant to summary judgment motion). The Plaintiff contends the purpose for which the Defendants seek to admit the exhibits is not relevant to the issues in this case.

*First*, Exhibits 1 through 10 are statutory provisions found within the

California Code of Education and the California Constitution. This case presents no claims under the California Code of Education or the California Constitution. All the Plaintiff's claims are brought under the Federal Constitution, Title VII of the Civil Rights Act of 1964, and California's Fair Employment and Housing Act. FAC, ¶¶ 105-72. The Defendants' request for this Court to take judicial notice of various statutes not implicated by the Plaintiff's claims are unnecessary to this Court's determination of the merits of the Plaintiff's claims and the Defendants' Motion to Dismiss.

*Second*, Exhibit 18, which contains various Instagram posts of the Plaintiff, is also irrelevant to the Plaintiff's claims and the Defendants' Motion to Dismiss. It is important to emphasize that the posts that the Defendants include in Exhibit 18 are pulled from the Plaintiff's own *personal* Instagram account. She does not hold herself out as a representative of Jurupa Unified School District nor has she ever identified herself as an employee speaking on behalf of the District on this Instagram account. Her posts are her own personal beliefs and opinions. As such, her personal Instagram posts are wholly irrelevant to her constitutional claims.

*Finally*, Exhibits 11 through 17 have no bearing on the Plaintiff's constitutional claims. Indeed, while each of these exhibits relate to the topic of gender identity, it is unclear what purpose or relevance they have in determining whether the Defendants violated the Plaintiff's constitutional rights under the First and Fourteenth Amendments. The Plaintiff's desire to follow her religious beliefs does not elevate the Plaintiff's words and actions to discrimination or harassment. Nothing about the Defendants' factual argument is relevant to the claims and allegations the Plaintiff raises in her Complaint. Instead of addressing the merits of the Plaintiff's claims, the Defendants seek to justify their own discriminatory behavior by introducing evidence to try to make a weak proposition that it was the Plaintiff who is guilty of discrimination. The Defendants' exhibits are not relevant to the issues in this case.



As such, Defendants' exhibits are not subject to judicial notice.

### III.  CONCLUSION

Based on the foregoing, the Plaintiff requests this Court deny the Defendants' Request for Judicial Notice.

Respectfully submitted,

DATED:  August 30, 2023          ADVOCATES FOR FAITH & FREEDOM

By: *Julianne Fleischer*
Julianne Fleischer, Esq.
Attorneys for Plaintiff **Jessica Tapia**