UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA TAPIA,<br><br>        Plaintiff,<br><br>        v.<br><br>JURUPA UNIFIED SCHOOL DISTRICT, et al.,<br><br>        Defendants. | Case No. ED CV 23-0789 FMO (Ex)<br><br>**ORDER RE: MOTION TO DISMISS** |

Having reviewed and considered all the briefing filed with respect to defendants' Jurupa Unified School District ("the District"), Trenton Hansen ("Hansen"), and Daniel Brooks ("Brooks") (collectively, "defendants") Motion to Dismiss (Dkt. 25, "Motion"), the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78(b); Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.[1]

Jessica Tapia ("plaintiff") filed the operative First Amended Complaint asserting the following claims: (1) violation of the free exercise clause of the First Amendment, 42 U.S.C. § 1983; (2) violation of the free speech clause of the First Amendment, 42 U.S.C. § 1983; (3) violation of the due process clause, 42 U.S.C. § 1983; (4) violation of California's Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code § 12940, et seq.; (5) violation of Title VII of the Civil

---

[1] Because the parties are familiar with the facts and allegations, the court recites them only as necessary.

Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq.; and (6) retaliation under the First Amendment, 42 U.S.C. § 1983. (See Dkt. 22, "First Amended Complaint" or "FAC" at ¶¶ 105-72). In their Motion, defendants seek to dismiss plaintiff's § 1983 claims, i.e., the first, second, third, and sixth causes of action, on the grounds that: (1) defendants Hansen and Brooks (collectively, the "individual defendants") are entitled to qualified immunity, (see Dkt. 25, Motion at 13-19); and (2) all defendants are entitled to Eleventh Amendment sovereign immunity. (See id. at 19-20).

I.  QUALIFIED IMMUNITY.

To determine whether a government official is entitled to qualified immunity, the court must consider: (1) whether, "[t]aken in the light most favorable to the party asserting the injury, . . . the facts alleged show the [official's] conduct violated a constitutional right[;]" and (2) "whether the right was clearly established." Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151, 2156 (2001), modified by, Pearson v. Callahan, 555 U.S. 223, 227, 129 S.Ct. 808, 813 (2009) (holding that "the Saucier procedure should not be regarded as an inflexible requirement"). However, as the Ninth Circuit has recognized, a motion to dismiss on qualified immunity grounds puts the court in the difficult position of attempting to decide "far-reaching constitutional questions on a nonexistent factual record[.]" See Kwai Fun Wong v. United States, 373 F.3d 952, 957 (9th Cir. 2004). While a defendant has the right to assert a qualified immunity defense in a motion to dismiss, "the exercise of that authority is not a wise choice in every case[,]" particularly when discovery would "readily reveal" whether plaintiff's claims were baseless. See id. ("The ill-considered filing of a qualified immunity appeal on the pleadings alone can lead not only to a waste of scarce public and judicial resources, but to the development of legal doctrine that has lost its moorings in the empirical world, and that might never need to be determined were the case permitted to proceed, at least to the summary judgment stage."); see also Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) ("[A] complaint is generally not dismissed under Rule 12(b)(6) on qualified immunity grounds."); id. ("Because an immunity defense usually depends on the facts of the case, dismissal at the pleading stage is inappropriate: [T]he plaintiff is not required initially to plead factual allegations that anticipate and overcome a defense of qualified immunity.") (internal quotation marks omitted). Under the circumstances, the court declines to address the affirmative defense

of qualified immunity at this time; Hansen and Brooks may raise it in the context of a motion for summary judgment.

II. SOVEREIGN IMMUNITY.

The Eleventh Amendment bars the federal courts from entertaining suits brought by a private party against states and its agencies or departments, regardless of the relief sought. Federal Maritime Com'n v. South Carolina State Ports Auth., 535 U.S. 743, 765, 122 S.Ct. 1864, 1877 (2002) (state sovereign immunity applies "regardless of whether a private plaintiff's suit is for monetary damages or some other type of relief"); Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 146, 113 S.Ct. 684, 689 (1993) (states and their agencies retain Eleventh Amendment immunity against all suits in federal court). In the context of civil rights claims brought against a state pursuant to 42 U.S.C. § 1983, it is well established that "[t]he Eleventh Amendment bars such suits unless the State has waived its immunity[.]" Will v. Michigan Dept. of State Police, 491 U.S. 58, 66, 109 S.Ct. 2304, 2309 (1989). Accordingly, a state is not a "person" within the meaning of § 1983. Id. at 71, 109 S.Ct. at 2312. Similarly, a governmental entity that is an "arm of the State" is not a "person" within the meaning of § 1983, and therefore enjoys the same Eleventh Amendment immunity accorded to the states. Howlett v. Rose, 496 U.S. 356, 365, 110 S.Ct. 2430, 2436 (1990); Will, 491 U.S. at 70, 109 S.Ct. at 2312. For purposes of the Eleventh Amendment, a school district is considered an agent of the state. See Belanger v. Madera Unified Sch. Dist., 963 F.2d 248, 254 (9th Cir. 1992) ("The court determined that the school district is an agent of the state[.]").

In general, "the eleventh amendment bars actions against state officers sued in their official capacities for past alleged misconduct involving a complainant's federally protected rights, where the nature of the relief sought is retroactive, i.e., money damages[.]" Bair v. Krug, 853 F.2d 672, 675 (9th Cir. 1988). However, "where the relief sought is prospective in nature and is based on an ongoing violation of the plaintiff's federal constitutional or statutory rights[,]" Central Reserve Life of N. Am. Ins. Co. v. Struve, 852 F.2d 1158, 1161 (9th Cir. 1988) (emphasis omitted), a suit seeking prospective injunctive relief may proceed. See Edrosa v. Chau, 2020 WL 5500217, *5 (S.D. Cal. 2020).

Here, plaintiff seeks declaratory and injunctive relief[2] against the District and the individual defendants in their official capacities for alleged violations of her First and Fourteenth Amendment rights. (See Dkt. 22, FAC at ¶¶ 120, 138, 147 & 172). While plaintiff may seek prospective relief against Hansen and Brooks in their official capacity as state officials, she may not seek prospective relief from the District itself. See Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999) ("[A]gencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court.") (internal quotation marks omitted); Ford v. Artiga, 2013 WL 820146, *3 (E.D. Cal. 2013) ("[A] demand for prospective relief as an exception to sovereign immunity only applies in an action against a state official [and] not in an action against a state or agency itself.") (internal citations omitted).

Finally, to the extent the individual defendants are being sued in their individual capacities, sovereign immunity does not apply. See, e.g., Royzman v. Lopez, 2023 WL 2026537, *10 (S.D. Cal. 2023) ("Section 1983 does, however, cover state officials sued in their individual capacities, and sovereign immunity does not apply to individual-capacity defendants."); Chamndany v. Harding, 2022 WL 19263348, *14 (C.D. Cal. 2022) (where plaintiff explicitly brought suit against defendants in their individual capacities, finding "based on its allegations, the Complaint adequately brings suit against Defendants in their individual capacities such that sovereign immunity under the Eleventh Amendment is not implicated"). Plaintiff alleges that she requests monetary damages only from the individual defendants in their individual capacities, and not from the District. (See Dkt. 22, FAC ¶¶ 121, 139, 148 & 172); (Dkt. 28, Plaintiff's Opposition to Defendants' Motion to Dismiss at 8). In addition, the individual defendants have asserted qualified immunity, which is available only in individual capacity actions. See Cmty. House, Inc. v. City of Boise, Idaho, 623 F.3d 945, 965 (9th Cir. 2010) ("Qualified immunity . . . is a defense available only to government officials sued in their individual capacities. It is not available to those sued

---

[2] Specifically, plaintiff seeks "[a] declaratory judgment that the District's Directives are unconstitutional," "[a] declaratory judgment that the District's directives violate FEHA and Title VII," and "[t]emporary, preliminary, and permanent injunctive relief requiring the District to reinstate Plaintiff's employment[.]" (See Dkt. 22, FAC at Prayer for Relief).

1  only in their official capacities.") (emphasis in original); Wright v. Beck, 981 F.3d 719, 737 (9th Cir.
2  2020) (same).  That Hansen and Brooks were acting in the course of and within the scope of their
3  employment  does not transform the case into an official capacity case.  See Hoffman v. Jones,
4  2018 WL 3436830, *8 (E.D. Cal. 2018), report and recommendation adopted Hoffmann v. Jones,
5  2018 WL 4629408 (E.D. Cal. 2018) ("The fact that defendant was working when he made the
6  statement [at issue] does not transform the case into an official capacity case – it is simply the
7  nature of all § 1983 cases, which seek to hold government employees liable for unconstitutional
8  acts done under authority granted by the government.").

**This Order is not intended for publication nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis**.

Based on the foregoing, IT IS ORDERED THAT:

1. Defendants' Motion **(Document No. 25)** is **granted in part** and **denied in part** as set forth in this Order.  As to the District, plaintiff's claims for declaratory and injunctive relief pursuant to her first, second, third, and sixth causes of action are **dismissed** with prejudice.  The Motion is denied in all other respects.

2. Defendants shall file their Answer to the First Amended Complaint no later than **November 27, 2023**.

Dated this 6th day of November, 2023.

                                                        /s/
                                               Fernando M. Olguin
                                            United States District Judge