**WALSH & ASSOCIATES, APC**
16633 Ventura Boulevard, Suite 800
Encino, CA 91436
Telephone: (818) 986-1776
Facsimile: (818) 382-2071
DENNIS J. WALSH, Esq. (SBN 106646)
Email: dwalsh@walshlawyers.com
ARASH ARJANG, Esq. (SBN 276237)
Email: aarjang@walshlawyers.com

Attorneys for Defendants, JURUPA UNIFIED SCHOOL DISTRICT, TRENTON HANSEN, and DANIEL BROOKS

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA TAPIA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>JURUPA UNIFIED SCHOOL DISTRICT; TRENTON HANSEN, both in his personal capacity and in his official capacity as the Jurupa Unified School District Superintendent; DANIEL BROOKS, both in his personal capacity and in his official capacity as Jurupa Unified School District Assistant Superintendent,<br><br>Defendants. | Case No.: 5:23-cv-00789-FMO-E<br><br>**VERIFIED ANSWER OF DEFENDANTS TO PLAINTIFF'S VERIFIED FIRST AMENDED COMPLAINT**<br><br>Hon. Fernando M. Olguin, United States District Judge<br><br>Magistrate Judge: Hon. Charles F. Eick<br><br>Action Date:   May 3, 2023<br>Trial date:    September 17, 2024 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

COME NOW Defendants JURUPA UNIFIED SCHOOL DISTRICT, a public entity, ("JUSD" or "District"), TRENTON HANSEN, a public entity employee ("Hansen"), and DANIEL BROOKS, a public entity employee ("Brooks") (collectively "Defendants") hereby answering the verified First Amended Complaint ("FAC") filed by Plaintiff JESSICA TAPIA ("Plaintiff") and hereby admitting, denying, and alleging as follows:

## INTRODUCTION

1. Admit.
2. Defendants are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.
3. Defendants admit that JUSD issued a Notice of Unprofessional Conduct to Plaintiff on September 30, 2022, but deny the allegation that "JUSD issued twelve meritless allegations against Ms. Tapia."
4. Admit.
5. Defendants admit the allegations in Paragraph 5 that JUSD included in its Notice of Unprofessional Conduct a "Plan of Assistance and Directives", except to deny the allegation that "the directives required Ms. Tapia lie to parents about their children's gender identity."
6. Defendants are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.
7. Deny.
8. These conclusionary allegations do not require an answer. To the extent that an answer is required, Defendants are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.

## PARTIES - PLAINTIFF

9. Admit.

# PARTIES - DEFENDANT

10. Admit.

11. Defendants admit that Hansen was the Superintendent for JUSD. The remainder of the allegations are denied.

12. Defendants admit that Brooks was the Assistant Superintendent for JUSD. The remainder of the allegations are denied.

# JURISDICTION AND VENUE

13. Admit.

14. Admit.

15. Admit.

16. Admit.

17. Admit.

# STATEMENT OF FACTS

**A. Ms. Tapia's Background and Employment History**

18. Defendants are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.

19. Admit.

20. Admit.

21. Admit.

22. Admit.

23. Admit.

24. Defendants are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.

25. Defendants are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.

26. Admit.

27. Admit.

28. Admit.

**B. Ms. Tapia's Religious Beliefs**

29. Defendants are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.

30. Defendants are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.

31. Defendants are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.

32. Defendants are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.

33. Defendants are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.

34. Defendants are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.

**C. JUSD's Allegations and Directives**

35. Admit.

36. Admit.

37. Admit.

38. Defendants admit that Mr. Brooks asked Plaintiff to respond to the allegations as part of the internal investigation, but deny the remainder of the allegations, specifically that the allegations were unfounded.

39. Admit.

40. Admit.

41. Deny specifically as to "allegations were a mischaracterization of who Ms. Tapia is." As to the remainder of the allegations, Defendants are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.

42. Defendants are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.
43. Defendants are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.
44. Admit that JUSD directed Plaintiff to refrain from discussing religious beliefs or the Bible with students.
45. Defendants are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.
46. Admit that JUSD directed Plaintiff to address students by their preferred name and preferred gender pronouns.
47. Deny.
48. Deny.
49. Admit.
50. Admit.
51. Admit.
52. Admit.
53. Admit.
54. Deny. Defendants at all times worked to protect the safety and wellbeing of all students and to comply with the law as they understood it.
55. Admit.
56. Admit.
57. Admit.
58. Admit.
59. Admit.
60. Admit.
61. Deny.
62. Admit.

63. Deny specifically as to the allegation that "School districts are given discretion when applying the Board Policies and Education Code section 220." JUSD understands that the laws and regulations require its employees to affirm a child's preferred gender and allow them to use the locker room or bathroom of their choice.

64. Admit.

65. Admit that JUSD issued certain directives to Plaintiff. Deny as to any other inference.

66. Admit.

67. Defendants are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.

**D. JUSD's Denial of Request for a Religious Accommodation**

68. Admit.

69. Admit as to what Plaintiff stated. With respect to the statements themselves, Defendants are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.

70. Admit as to what Plaintiff stated. With respect to the statements themselves, Defendants are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.

71. Admit as to what Plaintiff stated. With respect to the statements themselves, Defendants are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.

72. Admit as to what Plaintiff stated. Deny as to the remainder of the allegations.

73. Admit.

74. Admit.

75. Admit.

76. Admit.

77. Defendants are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.
78. Defendants are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.
79. Defendants are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.
80. Deny.
81. Deny.
82. Deny.
83. Deny.
84. Deny.
85. Deny.
86. Deny.
87. Deny.
88. Deny.
89. Deny.
90. Admit.
91. Admit.
92. Admit.
93. Deny.
94. Deny.

**E. JUSD's Termination of Ms. Tapia's Employment**

95. Admit.
96. Deny.
97. Admit.
98. Admit.

99. Defendants are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.
100. Defendants are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.
101. Defendants are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.

**F. JUSD's Termination of Ms. Tapia's Employment**

102. Defendants are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.
103. Defendants are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.
104. Defendants are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.

**FIRST CAUSE OF ACTION**

**Violation of the Free Exercise Clause of the**

**First Amendment to the United States Constitution**

**(42 U.S.C. § 1983)**

105. Defendants incorporate by reference all responses contained in the preceding paragraphs as thought fully set forth herein.
106. Admit.
107. These allegations are legal conclusions regarding Plaintiff's interpretation of the law and do not require admission or denial.
108. Defendants are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.
109. Deny.
110. Deny.
111. Deny.

112. Deny.
113. Deny.
114. Deny.
115. Deny.
116. Deny.
117. Deny.
118. Deny.
119. Deny.
120. Deny.
121. Deny.

# SECOND CAUSE OF ACTION

## Violation of the Free Speech Clause of the

## First Amendment to the United States Constitution

### (42 U.S.C. § 1983)

122. Defendants incorporate by reference all responses contained in the preceding paragraphs as thought fully set forth herein.
123. These allegations are legal conclusions regarding Plaintiff's interpretation of the law and do not require admission or denial.
124. Deny.
125. Deny.
126. Deny.
127. Deny.
128. Deny.
129. Deny.
130. Deny.
131. Deny.
132. Deny.

133. Deny.

134. Deny.

135. Deny.

136. Deny.

137. Deny.

138. Deny.

139. Deny.

## THIRD CAUSE OF ACTION

### Violation of the Due Process Clause to the United States Constitution

### (42 U.S.C. § 1983)

140. Defendants incorporate by reference all responses contained in the preceding paragraphs as thought fully set forth herein.

141. Deny.

142. Deny.

143. Deny.

144. Deny.

145. Deny.

146. Deny.

147. Deny.

148. Deny.

## FOURTH CAUSE OF ACTION

### Violation of the California's Fair Employment and Housing Act

### (Cal. Gov't Code § 12940)

149. Defendants incorporate by reference all responses contained in the preceding paragraphs as thought fully set forth herein.

150. Admit.

151. Admit.

152. Deny.
153. Deny.
154. Deny.
155. Deny.

## FIFTH CAUSE OF ACTION

### Violation of Title VII

### (42 U.S.C. § 2000e, et seq.)

156. Defendants incorporate by reference all responses contained in the preceding paragraphs as thought fully set forth herein.
157. These allegations are legal conclusions regarding Plaintiff's interpretation of the law and do not require admission or denial.
158. Deny.
159. Deny.
160. Deny.
161. Deny.
162. Deny.
163. Deny.
164. Deny.

## SIXTH CAUSE OF ACTION

### Deprivation of Civil Rights Under 42 U.S.C. § 1983 (First Amendment Retaliation)

165. Defendants incorporate by reference all responses contained in the preceding paragraphs as thought fully set forth herein.
166. Admit.
167. These allegations are legal conclusions regarding Plaintiff's interpretation of the law and do not require admission or denial.

168. These allegations are legal conclusions regarding Plaintiff's interpretation of the law and do not require admission or denial.
169. Deny.
170. Deny.
171. Deny.
172. Deny.

## PRAYER FOR RELIEF

1. Answering plaintiff's prayer for relief number 1, no admission or denial is required.
2. Answering plaintiff's prayer for relief number 2, no admission or denial is required.
3. Answering plaintiff's prayer for relief number 3, no admission or denial is required.
4. Answering plaintiff's prayer for relief number 4, no admission or denial is required.
5. Answering plaintiff's prayer for relief number 5, no admission or denial is required.
6. Answering plaintiff's prayer for relief number 6, no admission or denial is required.
7. Answering plaintiff's prayer for relief number 7, no admission or denial is required.

## **AFFIRMATIVE DEFENSES**

DEFENDANTS alleges and asserts the following additional defenses in response to the allegations of the Complaint, undertaking the burden of proof only as to those defenses required by law, regardless of how such defenses are denominated herein. In addition to defenses pled herein, DEFENDANTS reserves the right to allege additional defenses that become known through the course of discovery or otherwise.

## FIRST AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT AND EACH PURPORTED CAUSE OF ACTION THEREIN

1. The Complaint, and any purported cause of action alleged therein, fails to state facts sufficient to constitute a claim in federal court.

## SECOND AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT AND EACH PURPORTED CAUSE OF ACTION THEREIN

2. Any recovery on plaintiff's Complaint, or any purported cause of action alleged therein, is barred by Plaintiff's failure to exhaust administrative remedies and properly perfect a right of action under the California Fair Employment and Housing Act (*Government Code* §12940, et seq.), the Rehabilitation Act (29 C.F.R. § 1614.105, 42 U.S.C. §2000e-5) and/or California Government Claims Act (*Government Code* §900, et seq.), including but not limited to Government Code §§911.2, 950.2 and 950.6, *Labor Code* §§ 98.6 and 98.7, *Civil Code, Code of Civil Procedure,* the *CFRA,* and internal grievance procedures of the collective bargaining agreement.

## THIRD AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT AND EACH PURPORTED CAUSE OF ACTION THEREIN

3. Any recovery on plaintiff's Complaint, or any purported cause of action alleged therein, is barred by the applicable statute of limitations, including, but not limited to, those contained in *Code of Civil Procedure* §§335.1, 337, 338, 339, 340, 342 and *Government Code* §900 et seq., including but not limited to §945.6, the California Fair Employment and Housing Act, *Government Code* §§ 12960 and 12965, and 42 USC §2000e-5(f)(1). Specifically, Plaintiff failed exhaust her administrative requirements in that she failed to file a timely complaint with the DFEH.

## FOURTH AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT AND EACH PURPORTED CAUSE OF ACTION THEREIN

4. Defendants have engaged attorneys to represent them in defense of plaintiff's, frivolous, unfounded and unreasonable Complaint and therefore is entitled

to recover from plaintiff its attorneys' fees incurred in defending this matter, pursuant to Government Code §12965, *Code of Civil Procedure* §1038, and *Code of Civil Procedure* §128.7, and upon judgment thereon in its favor.

### FIFTH AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT AND EACH PURPORTED CAUSE OF ACTION THEREIN

5. Any cause of action alleging emotional and physical injury is barred and preempted by the exclusive remedy provisions set forth in the California Workers' Compensation Act, *Labor Code* § 3600, et seq. Plaintiff alleges damages related to pain and suffering and emotional distress which Defendant believes is preempted by the Workers' Compensation Act.

### SIXTH AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT AND EACH PURPORTED CAUSE OF ACTION THEREIN

6. Any recovery on the Complaint, or any purported cause of action alleged therein, is untimely and barred by the doctrine of laches.

### SEVENTH AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT AND EACH PURPORTED CAUSE OF ACTION THEREIN

7. Plaintiff is estopped from recovering any relief under the Complaint, or any purported cause of action alleged therein.

### EIGHTH AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT AND EACH PURPORTED CAUSE OF ACTION THEREIN

8. Plaintiff failed to exhaust her administrative remedies and/or judicial remedies pursuant to internal grievance procedures and *Code of Civil Procedure* Section 1094.6. Plaintiff commenced internal proceedings with the District but failed to exhaust these remedies prior to filing suit. Once Plaintiff opted to utilize the internal complaint process, she was obligated to exhaust this path prior to initiating civil litigation, including by way of administrative writ of mandate. Plaintiff's failure to exhaust her administrative remedies precludes all causes of action.

**NINTH AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT AND EACH PURPORTED CAUSE OF ACTION THEREIN**

9. Answering Defendants are immune from liability pursuant to the provisions of the California Tort Claims Act set forth in *Government Code* §§ 810, et. seq., including, but not limited to, sections 815, 815.2, 818.8, 820, 820.2, 820.6, 820.8, 821, 821.6, and 822.2, such as the discretionary immunity of *Government Code* §§ 820.2 and 815.2 and pursuant to *Caldwell v. Montoya* (1995) 10 Cal.4th 972. Specifically, Plaintiff has improperly alleged damage claims for attorney's fees for which Defendants are immune.

**TENTH AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT AND EACH PURPORTED CAUSE OF ACTION THEREIN**

10. Defendant alleges that neither Defendants, nor any agent or employee thereof, are liable for the damages, if any, alleged in the Complaint, by reason of the provisions of California Government Code §815, in that a public entity is not liable for any injury, whether such injury arises out of an act or omission of the public entity, or a public employee, or any other person except as provided by statute.

**ELEVENTH AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT AND EACH PURPORTED CAUSE OF ACTION THEREIN**

11. Any and all conduct of which Plaintiff complains and which is attributed to these Defendants or their agents or employees was a just and proper exercise of management's discretion on the part of Defendants or their agents or employees and was undertaken for a fair and honest reason and regulated by good faith and probable cause under the circumstances existing at the time the subject decisions were made. Defendants acted within managerial discretion as to decisions to terminate Plaintiff's employment for cause.

**TWELFTH AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT AND EACH PURPORTED CAUSE OF ACTION THEREIN**

12. Defendants allege that their actions involving Plaintiff, if any, were based solely on legitimate, good-faith, non-discriminatory, non-retaliatory, non-harassing business reasons. Defendants' actions were based on a clear reading of the collective bargaining agreement and applicable statutes under the California *Education Code* in terminating Plaintiff for cause.

**THIRTEENTH AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT AND EACH PURPORTED CAUSE OF ACTION THEREIN**

13. Any recovery on plaintiff's Complaint, or any purported cause of action therein, is barred because this Court lacks jurisdiction over such claims. Specifically, Plaintiff cannot maintain her Title VII causes of action because Plaintiff failed to file a timely complaint following her DFEH right to sue and failed to make a timely EEOC complaint following her DFEH right to sue. As such, this court is unable to maintain federal-question jurisdiction.

**FOURTEENTH AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT AND EACH PURPORTED CAUSE OF ACTION THEREIN**

14. Any recovery on plaintiff's Complaint, or any purported cause of action therein, is barred by the doctrine of collateral estoppel as the result of Plaintiff's pursuit of administrative remedies before an administrative law judge and failure to exhaust that process once started.

**FIFTEENTH AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT AND EACH PURPORTED CAUSE OF ACTION THEREIN**

15. Plaintiff's claims barred because at no time did Defendants act with the purpose, or intent of violating Plaintiff's civil rights, nor did the Defendant's actions have a disproportionate impact on Plaintiff.

**SIXTEENTH AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT AND EACH PURPORTED CAUSE OF ACTION THEREIN**

16. Plaintiff's claims are barred because no causal relationship exists between

any injuries, loss or damages, if any, suffered by Plaintiff and the alleged wrongful actions, if any, of the Defendant.

**SEVENTEENTH AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT AND EACH PURPORTED CAUSE OF ACTION THEREIN**

17. Plaintiff is barred from asserting the claims alleged since at all times relevant, the Defendants properly complied with relevant California and federal law, acted in reliance upon such operative law, statutes, and regulations, and believe such law, statutes, and regulations were constitutional and said law, statutes, and regulations had not been declared unconstitutional or otherwise unlawful by a court of competent jurisdiction at the time of the events.

**EIGHTEENTH AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT AND EACH PURPORTED CAUSE OF ACTION THEREIN**

18. Defendants are entitled to dismissal of all claims on grounds of the doctrine of qualified immunity, because the Defendants' conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

**NINETEENTH AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT AND EACH PURPORTED CAUSE OF ACTION THEREIN**

19. Plaintiff's FAC and claims are barred by the Eleventh Amendment to the United States Constitution.

**TWENTIETH AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT AND EACH PURPORTED CAUSE OF ACTION THEREIN**

20. Plaintiff's claims are barred because accommodation of Plaintiff's religious beliefs would constitute an undue hardship on the operations of the school district and would put some students at risk of harm.

**TWENTY FIRST AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT AND EACH PURPORTED CAUSE OF ACTION THEREIN**

21. Defendants are entitled to dismissal of all claims on grounds of the doctrine of absolute immunity, because the Defendants' conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

## TWENTY SECOND AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT AND EACH PURPORTED CAUSE OF ACTION THEREIN

22. Defendants allege that there may be additional affirmative defenses to Plaintiff's causes of action that are currently unknown to Defendants, and Defendants reserve the right to amend this Answer to allege additional affirmative defenses in the event discovery or other information indicates they are appropriate.

## DEMAND FOR JURY TRIAL

Defendants hereby demand a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment against Plaintiff according to law and according to proof, as follows:

1. Plaintiff takes nothing by reason of her Complaint;
2. Plaintiff's Complaint be dismissed with prejudice;
3. Defendants be awarded their costs of suit incurred and attorney fees; and
4. That this Court award such other and further relief it deems just and proper.

Dated: November 27, 2023

Respectfully Submitted,
WALSH & ASSOCIATES, APC

_____
Dennis J. Walsh, Esq.
Arash Arjang, Esq.
Attorneys for Defendants

## VERIFICATION

I, Michael Rogers, am an agent of Defendant JURUPA UNIFIED SCHOOL DISTRICT. I have read the attached Verified Answer and Affirmative Defenses and know the contents thereof. The contents are true to the best of my knowledge based upon information and documentation maintained by JURUPA UNIFIED SCHOOL DISTRICT.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Dated: November 27, 2023
Jurupa Valley, California

/s/ Michael Rogers
Michael Rogers, Declarant